UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA ANGELLO, Commissioner of Labor of the
  State of New York,

                              Petitioner,

              -vs-

ST. AUGUSTINE CENTER, INC.,

                              Respondent.

06-CV-0838E(Sc)

MEMORANDUM

and

ORDER[1]

---

## INTRODUCTION

This receivership action was commenced against St. Augustine Center, Inc. ("St. Augustine") in New York State Supreme Court, County of Erie, on or about February 14, 2006. It was removed to this Court on December 19, 2006 by the United States on behalf of the Internal Revenue Service ("IRS"). In its Notice of Removal, the IRS contends that — in light of the Receiver's November 26, 2006 Motion for Approval of Receiver's Report, Award of Fees and Costs, and Distribution of Funds to Claimants — the action is removable pursuant to 28 U.S.C. §1442(a)(1) as it is one "against" the United States.

## BACKGROUND

St. Augustine was placed in receivership in February 2006. Thereafter, notice of the receivership was published and potential creditors were instructed to file claims in the receivership action. In response to such notice, the IRS filed a Proof of Claim on April 13, 2006 in the amount of $859,423.36 based on tax liens it had issued against St.

---

[1]This decision may be cited in whole or in any part.

Augustine from 2003 to 2006.  The IRS was neither made a defendant, nor did it seek to intervene in the receivership action.  Thereafter, the Receiver performed his duties, culminating on November 22, 2006 with a Report to the State Court proposing a distribution of St. Augustine's available assets.  The Report suggested that $127,651.97 be distributed to numerous former employees for unpaid wages and that $8,745 be distributed to the IRS.[2]  On November 26, 2006 the Receiver filed a Motion seeking to distribute the St. Augustine assets as outlined in his Report.  As a claimant in the receivership action, the IRS was provided with copies of the Receiver's Report and the Motion on November 28, 2006 and was also provided notice that such Motion would be heard by the State Court on December 20, 2006.  Despite such notice, the IRS did not seek to intervene in the receivership action, nor did it commence a separate action to foreclose its liens, but instead removed the receivership action to this Court on December 19, 2006.

On December 20, 2006 the Receiver applied to this Court for expeditious review of the removal petition.  The Receiver contends that the action was improperly removed. In its petition, the IRS provided advanced objection to any remand motion, arguing that removal is appropriate because the actions contemplated in the Receiver's Motion — if granted — would be adverse to the IRS's tax liens and therefore the receivership action

---

[2]The Receiver also seeks statutory fees of $3,782.62, expenses of $976.65 and attorney's fees of $37,112.

has become one "against" the United States.  The Court heard oral argument on December 22, 2006.[3]

## DISCUSSION

The Court has jurisdiction to review a Notice of Removal to ensure that its jurisdiction has been properly invoked, and, if such removal is improper, the Court shall remand the matter.  *See* 28 U.S.C. §1447©.  Accordingly, the Court will conduct such review.

In its Notice of Removal, the IRS relies on 28 U.S.C. §1442 for its removal authority. That section states in pertinent part:

> "(a) A civil action $_{***}$ commenced in a State court against any of the following may be removed by them to the district court $_{***}$:
> (1) The United States or any agency thereof $_{***}$."

28 U.S.C. §1442(a)(1).  The IRS cites several cases which hold that the United States need not be a named defendant in an action in order for the action to be one "against" the United States.  Those cases, however, involve the exercise of authority by a State Court over officers of the United States.  For example, in *Brown & Williamson Tobacco Corp*. v. *Williams*, 62 F.3d 408 (D.C. Cir. 1995), at issue was a court-ordered subpoena directed

---

[3]At 4:00 p.m. on December 22, 2006, after the Office of the Clerk of the Court as well as the United States Attorney's Office had closed for the holiday weekend, the IRS filed a "Conditional Petition/Motion for Emergency Injunctive Relief" seeking — in the event this Court remands this action to State Court — an injunction preventing the Receiver from distributing any assets of St. Augustine's until ten days after the State Court decides a motion to intervene on behalf of the IRS.  The Court will address the disposition of this Conditional Petition/Motion *infra*.

to two Members of Congress.  That court, while upholding the removal of the subpoena

enforcement proceedings, stated:

> "We do not believe Congress used the terms "civil action," "against," or
> "act" [to restrict removal only to named defendants], but rather meant to
> refer to any proceeding in which state judicial civil power was invoked
> against a federal official."

*Id.* at 415.  Similarly, in *Nationwide Investors* v. *Miller*, 793 F.2d 1044 (9th Cir. 1986),

removal of a garnishment action was held proper when a federal officer was ordered to

appear in state court to testify as to details of the debtor's employment.  In that case, the

Ninth Circuit stated:

> "The form of the action is not controlling; it is the state's power to subject
> federal officers to the state's process that § 1442(a)(1) curbs."

*Id.* at 1047 (*citing Willingham* v. *Morgan*, 395 U.S. 402, 406 (1969)).

Here, unlike any of the cases the IRS cites, including this Court's decisions in

*Matter of Novello* v. *Manor Oak Skilled Nursing Facilities*,[4] there is no state process or

judicial power that has been invoked against the IRS.[5]  In this case, the Receiver has

merely provided notice of a proposed action — notice which is intended to allow the IRS

---

[4]This Court issued three decisions pertaining to the attempted removal by the United States of the Manor Oak receivership.  The first decision was issued in civil action 04-CV-0381E(F) on May 25, 2004.  The  second and third decisions were issued in civil action 04-CV-415E(F) on June 3, 2004 and September 13, 2004.

[5]Removal in *Manor Oak* was predicated upon the State Court's issuance of an Order to Show Cause directed to the IRS, and the IRS's subsequent motion to intervene.

and other claimants the opportunity to assert their rights if they so choose.[6]  The IRS concedes that it has not made a motion to intervene in the State Court action, nor has it been served with "any order or other process in the State Court action."  Notice of Removal at 6.  Thus, there has been no State Court order or process *against* the United States.

Accordingly, the Court concludes that removal was improper and the matter is remanded back to New York State Supreme Court, County of Erie.  The Court further concludes that the IRS's Conditional Petition/Motion for Emergency Injunctive Relief is denied as this Court lacks jurisdiction over the receivership action and notes that the IRS can petition the State Court for such relief if it seeks to intervene in the receivership action.

DATED:    Buffalo, N.Y.
          December 27, 2006

                                    _____/s/ John T. Elfvin_____
                                    JOHN T. ELFVIN
                                    S.U.S.D.J.

---

[6]At oral argument, the IRS argued that it had "no notice" of the receivership action.  Such assertion is incredible in light of the published notice of the receivership action and the IRS's filing of a Proof of Claim in such action.  Publication is intended to allow a creditor to file a claim and assert any interest it may have.  Accordingly, the IRS had notice of the receivership action and could have asserted its rights at that time.  The IRS also argued that it had no notice that the Receiver would disregard the priority of its liens in his Report.  Such argument is also baseless as the IRS was provided with a copy of the Receiver's Report in November.  Instead of asserting its rights in the receivership action at that time, the IRS chose to wait until December 19, 2006 to attempt to remove the action.  Finally, the IRS noted that it had never been made a party to the receivership action.  As noted, however, the IRS had ample notice of the action and could have chosen to assert its rights but determined not to do so.  The Receiver cannot be faulted for failing to name the IRS as defendant when the IRS itself did not seek to air its position in the receivership action.